# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*People v. Dunlap*, 2013 IL App (4th) 110892

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD DUNLAP, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-11-0892 |
| Filed | July 1, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Based on the record showing that defendant affirmatively acquiesced in the trial court's assessment of a $400 reimbursement for the public defender who represented defendant at his trial, the appellate court found that defendant waived his argument that the trial court failed to consider his affidavit of financial condition. |
| Decision Under Review | Appeal from the Circuit Court of Livingston County, No. 11-CF-82; the Hon. Jennifer H. Bauknecht, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Karen Munoz, and John M. McCarthy, all of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Brown, State's Attorney, of Pontiac (Patrick Delfino, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court, with opinion.

Justices Pope and Holder White concurred in the judgment and opinion.

**OPINION**

¶ 1 Following a June 2011 trial, a jury convicted defendant, Richard Dunlap, of (1) one count of aggravated battery to a police officer (720 ILCS 5/12-4(b)(18) (West 2010)) and (2) five counts of resisting arrest (720 ILCS 5/31-1(a) (West 2010)). In August 2011, the court sentenced defendant to four years in prison. As part of defendant's sentence, the court imposed a $400 reimbursement for court-appointed counsel pursuant to section 113-3.1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/113-3.1 (West 2010)).

¶ 2 Defendant appeals, arguing that the trial court erred by ordering reimbursement because the court failed to consider his affidavit of financial condition as required by section 113-3.1(a) of the Code (725 ILCS 5/113-3.1(a) (West 2010)). Because we conclude that defendant affirmatively acquiesced to the court's imposition of the $400 reimbursement order, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4 Following a June 2011 trial, a jury convicted defendant of (1) one count of aggravated battery to a police officer (720 ILCS 5/12-4(b)(18) (West 2010)) and (2) five counts of resisting arrest (720 ILCS 5/31-1(a) (West 2010)).

¶ 5 In August 2011, the trial court conducted a sentencing hearing and sentenced defendant to four years in prison. After imposing the term of imprisonment, as well as various other fines and fees, the court addressed defendant as follows:

"THE COURT: Now, I also set this for hearing to determine whether or not to impose [an] assessment [for court-appointed counsel,] and I have had an opportunity to review the [presentence investigation report (PSI)]. The purpose of this hearing is to determine what if any public defender assessment the Court should impose. The statute allows for anything from zero to $5,000. There was a *** trial in this case; and you do

-2-

have the ability to work although I understand you've been in jail for some time; but you've worked in the past. So I'm considering a $400 public defender assessment considering we had a jury trial in this case. But this is your opportunity if you've got any evidence or anything you want to say on whether or not I should impose that.

THE DEFENDANT: (Shakes head).

THE COURT: Is there anything you'd like to say? Can you answer out loud for the record?

THE DEFENDANT: No.

THE COURT: So I'll impose a $400 public defender assessment, and that would also be due within 12 months of your release from the Illinois Department of Corrections.

Any questions, [counsel]?

[PROSECUTOR]: No, judge.

[DEFENSE COUNSEL]: No, Your Honor."

¶ 6    This appeal followed.

¶ 7         II. DEFENDANT'S CLAIM THAT THE TRIAL COURT ERRED
            BY IMPOSING A PUBLIC DEFENDER REIMBURSEMENT

¶ 8    Defendant argues that the trial court erred by imposing a public defender reimbursement because the court failed to consider his affidavit of financial condition as required by section 113-3.1(a) of the Code (725 ILCS 5/113-3.1(a) (West 2010)). Because we conclude that defendant affirmatively acquiesced to the court's imposition of the $400 public defender reimbursement, we disagree.

¶ 9    More than two years ago, this court restated the difference between waiver and forfeiture, as follows:

"Waiver is the intentional relinquishment of a known right, whereas forfeiture is the failure to make a timely assertion of a known right. [Citations.] In the course of representing their clients, trial attorneys may (1) make a tactical decision not to object to otherwise objectionable matters, which thereby waives appeal of such matters, or (2) fail to recognize the objectionable nature of the matter at issue, which results in procedural forfeiture." *People v. Bowens*, 407 Ill. App. 3d 1094, 1098, 943 N.E.2d 1249, 1256 (2011).

¶ 10   In this case, the trial court expressed its intent to impose a $400 public defender reimbursement after reviewing all the information presented to it, including the PSI. When asked whether there was "anything [defendant] want[ed] to say [as to] whether or not [the court] should impose that [reimbursement]," defendant, and his counsel, both responded that they had nothing to say.

¶ 11   Nevertheless, for the first time on appeal, defendant claims that the trial court erred by imposing the $400 public defender reimbursement because the court failed to consider his affidavit of financial condition. As previously indicated, we conclude that defendant has waived his challenge in this regard because he affirmative acquiesced not only to the amount

of the reimbursement, but also to the materials the court relied upon to arrive at the amount of the reimbursement. (Defense counsel may not have objected to the imposition of reimbursement for court-appointed counsel because counsel may have recognized that the court's calculation did not run afoul of section 113-3.1 of the Code. See *People v. Barbosa*, 365 Ill. App. 3d 297, 302, 849 N.E.2d 152, 155 (2006) ("it is entirely appropriate for the court to consider existing evidence of the defendant's financial condition, such as an affidavit prepared in order to obtain court-appointed counsel *or* a presentence investigation report that contains pertinent financial data" (emphasis added)).)

¶ 12       We also note that plain-error analysis does not apply to this case. Plain-error analysis, of course, "applies to cases involving procedural default ***, not affirmative acquiescence." *Bowens*, 407 Ill. App. 3d at 1101, 943 N.E.2d at 1258. When, as here, defense counsel affirmatively acquiesces to actions taken by the trial court, a defendant's only challenge may be presented as a claim for ineffective assistance of counsel on collateral attack. *Id.* (Defendant does not contend in this appeal that his counsel was ineffective.)

¶ 13                                    III. CONCLUSION

¶ 14       For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs.

¶ 15       Affirmed.