NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 220276-U

NO. 4-22-0276

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 22, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Winnebago County |
| CALVIN BLADE, | ) | No. 20CF727 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Robert Randall Wilt, |
| | ) | Judge Presiding. |

_____

JUSTICE ZENOFF delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Defendant waived appellate review of his claim that the trial court improperly
considered "hearsay allegations" contained in the presentence investigation report
because he affirmatively acquiesced to the actions taken by the trial court.

¶ 2        On February 25, 2021, defendant, Calvin Blade, entered a partially negotiated

plea of guilty to criminal trespass to residence (720 ILCS 5/19-4 (a)(2) (West 2018)). In April

2021, the trial court sentenced defendant to five years in prison.

¶ 3        Defendant appeals, arguing his sentence was excessive because the trial court

improperly considered "hearsay allegations" contained in the presentence investigation report

(PSI). We disagree and affirm defendant's sentence.

¶ 4                                    I. BACKGROUND

¶ 5        On May 6, 2020, defendant was charged by indictment with one count of home

invasion (720 ILCS 5/19-6(a)(2) (West 2018)) (count I), one count of aggravated domestic

battery (720 ILCS 5/12-3.3(a-5) (West 2018)) (count II), one count of domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2018)) (count III), and one count of criminal trespass to residence (720 ILCS 5/19-4(a)(2) (West 2018)) (count IV) in connection with events that occurred on April 13, 2020. Count I alleged defendant committed home invasion, a Class X felony, in which he "knowingly entered the dwelling place of Keyosha Johnson" wherein "defendant struck Keyosha Johnson's head against a table causing a cut." Count II alleged defendant committed aggravated domestic battery, a Class 2 felony, by grabbing Johnson "by the neck, thereby intentionally impeding the normal breathing *** by applying pressure on her neck." Count III alleged defendant committed domestic battery, a Class 4 felony, by striking Johnson's "head against a table causing a cut." Count III further alleged that defendant had previously been convicted of domestic battery in July 2000. Count IV alleged defendant committed criminal trespass to residence, a Class 4 felony, in that defendant "knowingly and without authority, entered or remained within the residence of Keyosha Johnson *** at a time when said defendant knew or had reason to know that one or more persons were present in that residence."

¶ 6        On February 25, 2021, defendant entered into a partially negotiated plea of guilty to count IV. In exchange, the State agreed to dismiss the three remaining counts. There was no agreement as to sentencing. The State provided the following factual basis for the plea:

> "On April 13 of 2020 officers with the Rockford Police Department
> responded to 415 Ford Street. Upon arrival officers met with Keyosha ***
> Johnson.
>
> She stated that she was at a gas station withdrawing money from an ATM
> when her ex-boyfriend [defendant], saw her. Johnson stated that [defendant]
> asked her for money, so she gave him a nickel, and then she walked home.

Johnson stated that she unlocked her apartment door and entered her home and that [defendant] came in behind her without her knowing and made his way into her apartment.

She stated that she was battered by the defendant, and he took some money before eventually leaving.

All these events occurred in Winnebago County, Illinois."

¶ 7       Defense counsel stipulated to the factual basis "solely for the purposes of the plea." The trial court accepted the guilty plea and ordered a PSI. The PSI was filed on March 19, 2021, and *inter alia*, detailed defendant's (1) criminal history, (2) family and educational background, and (3) employment and financial status.

¶ 8       On April 14, 2021, the trial court held a sentencing hearing. The State presented no new evidence in aggravation. The PSI, which was considered by the trial court at the hearing without objection, provided a statement of facts that "was received from the Winnebago County State's Attorney's Office" that read:

"On April 13, 2020, officers with the Rockford Police Department responded to 415 Ford St. Upon arrival, officers met with Keyosha Johnson. Johnson told officers that she was at the gas station withdrawing money from an ATM when her ex-boyfriend, later identified as [defendant], saw her. Johnson told officers that [defendant] asked her for money, so she gave him a nickel and she walked home. Johnson told officers that when she unlocked her apartment door, [defendant] came from behind her and forced his way into her apartment. Johnson told officers that she noticed $300 was missing from a location in the home, and she told [defendant] to give it back and to leave her home. Johnson

told officers that [defendant] lunged at her and began to strangle her. Johnson told officers that she couldn't breathe. Johnson told officers that [defendant] pushed her over a night stand and began to slam her head against a table. Johnson told officers that she begged for her life, and [defendant] let her go. Officers saw that Johnson had a cut on the right side of her head. Officers saw that Johnson's nose appeared to be injured. The defendant was previously convicted of Domestic Battery on July 18, 2000[,] in Winnebago County, Illinois case 2000CM6324. All of these events occurred in Winnebago County, Illinois."

¶ 9        Defendant's criminal history showed that he had 31 criminal convictions, 8 of which were felony convictions, 7 misdemeanor convictions, and 4 misdemeanor traffic convictions. The PSI also reported "probation records indicated [defendant] was not compliant with any of his probation terms."

¶ 10        In allocution, defendant expressed his remorse, stating, "I felt that it was just a misunderstanding, and I accept full responsibility to you for my actions."

¶ 11        The State requested that defendant be sentenced to six years' imprisonment, noting defendant's extensive criminal history, noncompliance with previous probation terms, and the facts of the offense. In response, defense counsel requested that defendant be sentenced to a period of probation, noting several mitigating factors including defendant's health, learning issues, mental health, and history of substance abuse. Defense counsel argued defendant did not have "many chances at probation" over the years, noting the last time defendant was on probation "was over six years ago."

¶ 12        In pronouncing its sentence, the trial court began by stating it considered the PSI, the exhibits tendered by defense counsel, the arguments of the parties, and "the factors in

aggravation and mitigation, both statutory and nonstatutory." Regarding the factors in mitigation, the court found defendant's conduct did not cause serious bodily harm, defendant "has an extensive drug and alcohol history," and that he had "a rough childhood." The court also noted defendant's "significant physical issues" as well as mental health issues. Regarding the factors in aggravation, the court found defendant's criminal record "horrible," stating, "If he is on probation, it looks like he is not going to comply. So he's basically established the record as a career criminal." The court then stated,

> "The facts of this case go well beyond criminal trespass to residence. He stole money. He strangled this lady, which is a—I mentioned in mitigation his conduct did not cause serious bodily harm. His conduct did threaten serious bodily harm. Strangulation is a red flag in our lethality assessment that it can easily cause death. It could easily cause great bodily harm. I've seen cases where strangulation resulted in partial paralysis because of the cutoff of the flow of blood and/or oxygen to the brain.

> Charges dismissed are supported by the statement of facts. He could have been charged—he could have been convicted of potentially of home invasion. He could have been convicted of residential burglary. He entered a residence with the intent to commit therein apparently a felony. He committed a theft. He committed a felony of battery of various sorts while he was in there. His conduct caused injury. He not only strangled her, he banged her head on the table. There was mention of the injuries before."

The court then sentenced defendant to five years in the Illinois Department of Corrections.

¶ 13　　　　On April 23, 2021, defendant filed a motion for reconsideration of sentence, arguing the trial court "failed to take into consideration the rehabilitative potential of the Defendant, and the statutory factors in mitigation." On June 1, 2021, the court denied the motion for reconsideration of sentence. Defendant appealed, and on October 12, 2021, the appellate court remanded the case for compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 14　　　　On remand, counsel filed a certificate in compliance with Rule 604(d) and defendant confirmed he wished to proceed on the April 23, 2021, motion for reconsideration of sentence. After hearing argument from the parties, the court denied defendant's motion.

¶ 15　　　　This appeal followed.

¶ 16　　　　　　　　　　　　　II. ANALYSIS

¶ 17　　　　Defendant argues his sentence was excessive because the trial court relied "on hearsay allegations found in the statement of facts submitted by the State for the PSI report." According to defendant, this court should therefore reduce his sentence "to a term that would entitle him to an immediate release" pursuant to Illinois Supreme Court Rule 615(b) (eff. Jan. 1, 1967). The State argues defendant has forfeited and waived his argument by acquiescing to the PSI at the sentencing hearing. We agree with the State.

¶ 18　　　　"Waiver is the intentional relinquishment of a known right, whereas forfeiture is the failure to make a timely assertion of a known right." *People v. Bowens*, 407 Ill. App. 3d 1094, 1098 (2011). "In the course of representing their clients, trial attorneys may (1) make a tactical decision not to object to otherwise objectionable matters, which thereby waives appeal of such matters, or (2) fail to recognize the objectionable nature of the matter at issue, which results in procedural forfeiture." *Bowens*, 407 Ill. App. 3d at 1098. The doctrine of plain error permits a

reviewing court to consider arguments that a defendant forfeited by failing to raise them to the trial court. *People v. Sebby*, 2017 IL 119445, ¶ 48. However, the plain-error doctrine does not apply to affirmative acquiescence. *People v. Dunlap*, 2013 IL App (4th) 110892, ¶ 12. "When *** defense counsel affirmatively acquiesces to actions taken by the trial court, a defendant's only challenge may be presented as a claim for ineffective assistance of counsel on collateral attack." *Dunlap*, 2013 IL App (4th) 110892, ¶ 12.

¶ 19            This court has repeatedly held that "[t]he trial court may rely on all of the information in the unobjected to PSI to the extent it believes it is relevant and reliable." (Emphasis omitted.) *People v. Hibbler*, 2019 IL App (4th) 160897, ¶ 56. Counsel's failure to object to the information in the PSI is not a mere oversight but essentially amounts to a stipulation to the accuracy of the PSI's content in its entirety. *Hibbler*, 2019 IL App (4th) 160897, ¶ 58.

¶ 20            Here, defendant failed to object at the sentencing hearing to the information contained in the PSI. For the first time on appeal, defendant appears to be arguing the court made a procedural error by not requiring live testimony for the statement of facts contained in the PSI. "No purpose would be served by giving the parties notice of the [PSI] at least three days prior to the imposition of sentence [citation] if we were to permit them to later raise objections to the [PSI] for the first time on appeal." *People v. Williams*, 149 Ill. 2d 467, 495 (1992). When the court asked defense counsel if she had any changes or amendments to the PSI, counsel responded that she did not have any corrections; rather, she had two exhibits to add to the PSI. "It is well settled that a party cannot acquiesce to the manner in which the trial court proceeds and later claim on appeal that the trial court's actions constituted error." *Hibbler*, 2019 IL App (4th)

160897, ¶ 60. Accordingly, plain-error review does not apply to affirmative acquiescence. *Dunlap*, 2013 IL App (4th) 110892, ¶ 12.

¶ 21 Defendant nonetheless argues we should disregard his waiver and rule on the merits of his argument "in furtherance of [this court's] responsibility to provide a just result" and "to maintain a sound and uniform body of precedent." *Arnett v. Markel*, 363 Ill. App. 3d 1136, 1144 (2006).

¶ 22 This argument is not compelling. It is well established that "[t]he trial court may rely on all of the information in the unobjected to PSI to the extent it believes it is relevant and reliable." (Emphasis omitted.) *Hibbler*, 2019 IL App (4th) 160897, ¶ 56. Here, the trial court relied on the unchallenged version of facts that had been provided in the PSI. Thus, the court acted well in accord with the uniform body of precedent before it. See *Hibbler*, 2019 IL App (4th) 160897, ¶ 56.

¶ 23                                  III. CONCLUSION

¶ 24 For the reasons stated, we affirm the trial court's judgment.

¶ 25 Affirmed.