NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 210328-U

NO. 4-21-0328

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 13, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Logan County |
| TAYLOR T. COPPINGER, | ) | No. 19CF108 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jonathan C. Wright, |
| | ) | Judge Presiding. |

_____

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice DeArmond and Justice Zenoff concurred in the judgment.

**ORDER**

¶ 1     *Held*: (1) By affirmative acquiescence, defendant waived the issue of whether he was denied the right to a public trial, and the doctrine of plain error cannot eliminate a waiver.

(2) By refraining from objecting to a practice that, at the time, was common in courtrooms in Illinois and throughout the United States, defense counsel did not render performance that fell outside the wide range of reasonable professional assistance.

¶ 2     The circuit court of Logan County sentenced defendant, Taylor T. Coppinger, to a total of 30 years' imprisonment for offenses of which a jury had found him guilty, namely, two counts of aggravated criminal sexual assault (720 ILCS 5/11-1.30(a)(2) (West 2018)) and one count of aggravated domestic battery (720 ILCS 5/12-3.3) Defendant appeals on two grounds.

¶ 3     First, defendant claims that the circuit court barred all but two of his family members from the courtroom during his trial and thereby deprived him of his constitutional right

to a public trial. See *Presley v. Georgia*, 558 U.S. 209, 211-12 (2010). We find that defendant has waived this claim.

¶ 4 Second, defendant claims that defense counsel rendered ineffective assistance by failing to object when the prosecutor asked the court to make a finding, in the hearing of the jury, that a witness, Dr. Susan Harmon, was an "expert" in the field of medicine. See *People v. Pingelton*, 2021 IL App (4th) 180751, ¶ 50. We find the omission of this objection to be within the wide range of reasonable professional assistance.

¶ 5 Therefore, we affirm the judgment.

¶ 6 I. BACKGROUND

¶ 7 Before the jury trial began, the circuit court noted that the elevator in the courthouse was out of order and that, consequently, the trial had been moved to a different location. The judge further noted that, because of the COVID-19 pandemic, this different location had been set up for social distancing.

¶ 8 After the jury was selected, but before the State began its case in chief, defense counsel said:

> "[DEFENSE COUNSEL]: Judge, the only request I have is my client's parents are here. They indicate that his sister may be coming this afternoon and if they could add another chair. They talked to the deputies. The deputies said it would have to be the State or the Court that would give permission to do that.
>
> THE COURT: I don't know if we have space. Since we have a limited courtroom, I just try to divide equally between the defendant's family and the victim's family; and so however many seats we have, we'll just have to divide accordingly.

[DEFENSE COUNSEL]: Okay."

¶ 9    On March 24, 2021, the second day of the jury trial, the State called Dr. Harmon, who had performed a pelvic examination on the victim, H.R. Dr. Harmon described her training and educational background. The prosecutor then said, "Your Honor, at this time I move to qualify the witness as an expert in the field of medicine." The circuit court asked defense counsel if he had any questions for the witness. He answered he had no questions. The court then ruled, in the hearing of the jury, "Dr. Harmon will be admitted as an expert witness in the field of medicine and emergency medicine."

¶ 10                                    II. ANALYSIS

¶ 11                              A. The Right to a Public Trial

¶ 12    Defendant acknowledges a failure to preserve the issue of whether his right to a public trial was violated. Defense counsel made no contemporaneous objection; nor did defense counsel raise the issue in the posttrial motion. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (holding that, to preserve an error for appellate review, a defendant must object to the error at trial and raise the issue in a posttrial motion). Nevertheless, because the denial of the right to a public trial is a structural error (see *People v. Williams*, 2016 IL App (3d) 130901, ¶ 18), defendant contends that the doctrine of plain error should avert the forfeiture (see *People v. Hillier*, 237 Ill. 2d 539, 545 (2010)).

¶ 13    The State's initial response is that waiver has taken this contention beyond the reach of the plain-error doctrine. In this vein, the State quotes *People v. Dunlap*, 2013 IL App (4th) 110892, ¶ 12: "Plain-error analysis *** applies to cases involving procedural default ***, not affirmative acquiescence. [Citation.]" (Internal quotation marks omitted.) The State argues that by saying " '[o]kay' " to the circuit court's decision not to bring any more chairs into the courtroom,

defense counsel affirmatively acquiesced in that decision and, as a result, the plain-error doctrine is inapplicable. See *Dunlap*, 2013 IL App (4th) 110892, ¶ 12. Defendant disagrees. He contends that by saying " '[o]kay,' " defense counsel merely signified his acknowledgment of the court's decision.

¶ 14 The parties' disagreement over the meaning of the word "okay" makes it necessary to resort to the dictionary. "Okay" means "all right." Merriam-Webster's Collegiate Dictionary 863 (11th ed. 2020). "Okay" is what someone says "in *assenting* or agreeing" to something. (Emphasis omitted.) *Id.* It is a word of affirmative acquiescence. The State is correct, therefore, that the public-trial issue is waived, not merely forfeited, and that the doctrine of plain error does not undo a waiver. See *People v. Baker*, 2022 IL App (4th) 210713, ¶ 61; *Dunlap*, 2013 IL App (4th) 110892, ¶ 12.

¶ 15 B. Declaring, in the Jury's Presence, That Dr. Harmon is an "Expert"

¶ 16 In *Pingelton*, 2021 IL App (4th) 180751, ¶ 51, the Fourth District cautioned, "When a trial court uses the term 'expert' in front of a jury, it creates a danger that the court's authority is being associated with the expert's authority." Accordingly, the Fourth District advised:

"Instead of calling witnesses 'experts' or having the judge 'certify' a witness as an expert in front of the jury, counsel should either (1) address the matter with the trial court pretrial or (2) simply lay the proper foundation in open court before the jury and then ask to approach the bench for a sidebar at which counsel could ask the trial court if the court agrees that a sufficient foundation has been established so that counsel could then ask the witness questions calling for opinions." *Id.* ¶ 55.

Defendant accuses defense counsel of rendering ineffective assistance by failing to object to a procedure whereby, in the jury's hearing, the circuit court declared Dr. Harmon to be "an expert witness in the field of medicine and emergency medicine."

¶ 17        Defendant admits that, on March 24, 2021, when the circuit court so declared Dr. Harmon, *Pingelton* was not yet decided. (The decision in *Pingelton* was issued on August 3, 2021.) Even so, defendant points out that foreign authorities, such as *United States v. Johnson*, 488 F.3d 690, 697 (6th Cir. 2007), and a law journal article (Evan Bruno, *Better Practice—Let a Witness' Record Speak For Itself Without the Expert Label*, Chicago Daily Law Bulletin (Aug. 19, 2014)) disapproved of the practice of certifying an expert in the jury's hearing. As the State observes, however, the now-disapproved practice was common in Illinois courts before *Pingelton*. For proof, the State quotes from *Pingelton*:

> "Concerning the proffer of expert testimony, attorneys and trial courts *frequently* proceed as defendant on appeal suggests should have happened in this case. First, the attorney seeking to present expert testimony typically lays the foundation by asking a witness questions about the witness's background, education, training, and experience. Second, the attorney turns to the judge and says, 'Your Honor, the State tenders Dr. Smith as an expert in toxicology.' Third, the opposing party is given the opportunity to state that party's objection, if any, or alternatively to conduct a *voir dire* examination of the witness regarding the witness's qualifications. Last, the judge says, 'The court finds a sufficient foundation has been laid and accepts Dr. Smith as an expert in toxicology.' And all of this takes place in open court in front of the jury. *While this course of action is common practice in courtrooms in Illinois and throughout the country*, we

recommend against it." (Emphases added.) *Pingelton*, 2021 IL App (4th) 180751, ¶ 49.

We cannot reasonably conclude that defense counsel went outside "the wide range of reasonable professional assistance" (*Strickland v. Washington*, 466 U.S. 668, 689 (1984)) by refraining from objecting to a "course of action [that was] common practice in courtrooms in Illinois and throughout the country" (*Pingelton*, 2021 IL App (4th) 180751, ¶ 49).

¶ 18                                    III. CONCLUSION

¶ 19            For the foregoing reasons, we affirm the circuit court's judgment.

¶ 20            Affirmed.