2024 IL App (1st) 232414-U

No. 1-23-2414B

Order filed February 29, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Trial court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 CR 09262 |
| | ) | |
| ADOLPHUS MCDONALD, | ) | Honorable |
| | ) | Geraldine D'Souza, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Justices Hyman and C.A. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's challenge to the timeliness of the State's pretrial detention petition is forfeited and we decline to apply plain error when no error occurred. The trial court abused its discretion where it found that no condition or combination of conditions could mitigate defendant's willful flight but did not articulate specific alternative restrictions that it considered and did not specify why those specific alternatives would not mitigate defendant's likelihood of willful flight.

¶ 2    Defendant Adolphus McDonald, by and through his attorney, brings this appeal under

Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023) challenging the trial court's detention

order entered on December 6, 2023, pursuant to the Pretrial Fairness Act.[1] Defendant was charged with four counts of first degree murder and endanger the health or life of a child. After hearing, the trial court granted the State's petition to detain defendant because he was a danger to a person or persons in the community, and denied defendant pretrial release. Defendant filed a timely notice of appeal on December 15, 2023, and a Rule 604(h) memorandum, and the State filed a memorandum in response. For the following reasons, we reverse and remand.

¶ 3                                BACKGROUND

¶ 4     A summary of the relevant evidence proffered by the parties during the hearing on the State's petition for pretrial detention is as follows: On August 21, 2020, Calumet City police officers and paramedics responded to a call regarding a child who was unresponsive. When paramedics arrived at the scene, defendant was standing outside and guided officers into the apartment. Inside the apartment, defendant's mother was administering CPR to an infant. Paramedics transferred the infant to St. Margaret's Hospital in Hammond, Indiana. The infant was later airlifted to Comer Hospital for further care. Defendant informed officers that the child spent the night with him, and no one else was home. Defendant allegedly rocked the child to sleep and placed him on the bed. Defendant then went into the living room to use the computer. When defendant checked on the child, the child was no longer breathing. Defendant then called his mother, a registered nurse, to the home and she began to render CPR. The child was reportedly in good health and had no listed medical problems before this incident.

---

[1] In 2021, the General Assembly passed two separate acts that "dismantled and rebuilt Illinois's statutory framework for the pretrial release of criminal defendants." *Rowe v. Raoul*, 2023 IL 129248, ¶4 (discussing Pub. Act 101-652, § 10-255, 102-1104, § 70 (eff. Jan. 1, 2023) (amending 725 ILCS 5/art. 110) (the Pretrial Fairness Act) and Pub. Act 102-1104 (eff. Jan. 1, 2023) (the Follow-Up Act)

¶ 5    Doctors at Comer Hospital observed that the child had suffered substantial internal brain bleeds in multiple locations, which were consistent with violent shaking. The child died from his injuries on August 25, 2020. Doctors found the cause of death to be severe brain injury, leading to brain death. The child had extensive retinal hemorrhages, abusive head trauma, and left radius/ULNA fractures to the arm. Doctors ruled the death to be a homicide by child abuse. Defendant was arrested on September 2, 2020, and charged with four counts of first-degree murder and one count of endangering the life or health of a child. Defendant allegedly requested time from work to visit the child, but then never visited during the four-day period that the child was in the hospital. Defendant allegedly made admissions to the child's mother in a phone call that he shook the baby.

¶ 6    The State argued at the hearing that defendant should be detained based on the evidence presented. The defense, however, responded that defendant was 40 years old, a graduate of Englewood Tech High School, and had no prior criminal history. Additionally, defendant had worked at various places, including Walmart, and was then currently a security guard for a trucking company. Defense counsel denied that defendant made any admissions and argued that the statements were taken out of context. Defense counsel also noted that defendant was not a danger to anyone and asked the court to consider release with reasonable conditions.

¶ 7    The trial court granted the State's petition for pretrial detention. The court stated that, based on the nature and circumstances of the charged offenses, the State met its burden of proving that defendant committed an eligible offense of first-degree murder.  Namely, the court considered the doctors' determination that the injuries to the three-month child were caused by "severe shaking," that defendant was alone with his infant son when the infant suffered abuse which resulted in

bleeding to the brain, fractures, head trauma, and ultimately death. The court also noted that it considered defendant's lack of criminal history, his work history, his family situation, and the lack of a weapon used. Nevertheless, the court ruled that defendant posed a real and present threat to the safety of persons based on the facts of the case. The court further found that no conditions or combination of conditions could mitigate the threat to safety that defendant posed towards others.

¶ 8     Defendant's appeal was timely filed within 14 days, thereby conferring jurisdiction upon this court. In considering this appeal, we have reviewed the following documents that were submitted pursuant to Rule 604(h): defendant's Notice of Pretrial Fairness Act Appeal, defendant's supporting memorandum, and the State's response memorandum.

¶ 9                                    ANALYSIS

¶ 10    On appeal, defendant contends that: 1) the State's detention petition was untimely and 2) the State failed to prove by clear and convincing evidence that he poses a real and present threat to the safety of any person or the community and that no conditions could mitigate that threat. Defendant relies on his Rule 604(h) memorandum to support his contentions.

¶ 11                    A. Timeliness of the State's Detention Petition

¶ 12    Defendant first contends that the State's detention petition was untimely because it was filed more than three years after his arrest and ordered release, and more than 60 days after the implementation of the Pretrial Fairness Act. Defendant was arrested on September 2, 2020, and ordered released on September 3, 2020, by D-Bond of $1 Million. However, defendant was unable to make bail and remained in custody. Once the Pretrial Fairness Act became effective on September 18, 2023, defendant petitioned for release under the amended statute on October 17, 2023, and the State filed its detention petition on November 1, 2023.

¶ 13 The State responds that defendant's argument is forfeited as he did not raise the timeliness issue before the trial court and it was not included in defendant's notice of appeal. Defendant concedes that he did not raise this issue in the trial court or include it in his notice of appeal, but contends that this issue is reviewable under plain error. In the alternative, defendant contends that his counsel was ineffective for failing to move to strike the State's detention petition or otherwise raise this issue before the trial court.

¶ 14 In general, a defendant preserves an issue for review by timely objecting to it and including it in a written posttrial motion. *People v. Colyar*, 2013 IL 111835, ¶ 27; *People v. Marzonie*, 2018 IL App (4th) 160107, ¶ 51. Because defendant failed to file a motion to strike the State's petition for detention or include it in his notice of appeal, the issue of the timeliness of the State's petition is forfeited. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). We note that waiver is the intentional relinquishment of a known right, whereas forfeiture is the failure to make a timely assertion of a known right. *People v. Dunlap*, 2013 IL App (4th) 110892, ¶ 9; *People v. Hibbler*, 2019 IL App (4th) 160897, ¶ 51.

¶ 15 The plain error doctrine allows a reviewing court to address defects affecting substantial rights (a) if the evidence is closely balanced or (b) if fundamental fairness so requires it rather than finding the claims forfeited. *People v. Woods*, 214 Ill. 2d 455, 471 (2005). A defendant raising a plain error argument bears the burden of persuasion. *People v. Thompson*, 238 Ill. 2d 598, 613 (2010). The first step in a plain error review generally is to determine whether any error occurred, which is defendant's burden to establish. *Id.* Accordingly, to establish plain error, a defendant must first show that a clear or obvious error occurred. *Id.* Next, he must show that the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant,

regardless of the seriousness of the error (*People v. Naylor*, 229 Ill. 2d 584, 593 (2008)), or that the error was sufficiently grave that it deprived defendant of a fair trial (*People v. Herron*, 215 Ill. 2d 167, 187 (2005)).

¶ 16     In determining if the evidence was close, a reviewing court must evaluate the totality of the evidence and conduct a qualitative, commonsense assessment of the evidence within the context of the case. *Marzonie*, 2018 IL App (4th) 160107, ¶ 53 (citing *People v. Sebby*, 2017 IL 119445, ¶ 53). If the defendant meets his burden, he has demonstrated actual prejudice and his conviction should be reversed. *Id.* (citing *Sebby*, 2017 IL 119445, ¶ 51).

¶ 17     When a defendant claims second-prong error under fundamental fairness, he must prove that a structural error occurred. *Id.* ¶ 54 (citing *Thompson*, 238 Ill. 2d at 613). A structural error is one that renders a criminal trial fundamentally unfair or unreliable in determining a defendant's guilt or innocence. *People v. Bowens*, 407 Ill. App. 3d 1094, 1101 (2011). Structural errors occur in very limited circumstances, such as the complete denial of counsel, denial of self-representation at trial, trial before a biased judge, denial of a public trial, racial discrimination in the selection of a grand jury, or a defective reasonable doubt instruction. *Marzonie*, 2018 IL App (4th) 160107, ¶ 54. If the defendant fails to meet his burden of persuasion, the issue is forfeited, and the reviewing court will honor the procedural default. *Id.* ¶ 55.

¶ 18     In asserting the application of plain error, defendant merely cites to *People v. Smith*, 2016 IL App (1st) 140496, ¶ 15 and states that a misapplication of the law that affects a defendant's fundamental right to liberty constitutes plain error as it affects the integrity of the judicial system. We will examine this issue as a second-prong claim of plain error.

¶ 19     We must first determine if the trial court committed any error in allowing the State to file a detention petition three years after defendant's arrest. We find that it did not.

¶ 20     It is important to first note the circumstances under which this case is before us. While the vast majority of appeals under the Pretrial Fairness Act are filed very soon after a defendant's arrest and within fourteen days of the detention hearing, this is an older case, as defendant was arrested in September 2020. We do not have a report of proceedings related to defendant's initial bond hearing at that time, we only know that a D-Bond was set for $1 Million and defendant was unable to make the bond and was held in pretrial custody. The statute in effect at that time did not allow the State to file a petition for pretrial detention. See 725 ILCS 5/110-5 (West 2018). After the amended statute became effective in September 2023, defendant filed a petition requesting pretrial release under the amended statute, and the State subsequently filed the pretrial detention petition that is at issue here, in accordance with the new procedures contained in the amended statute. See 725 ILCS 5/110-2 (West 2022).

¶ 21     This issue has previously come before the court in *People v. Whitmore*, 2023 IL App (1st) 231807; *People v. Brown*, 2023 IL App (1st) 231890; and *People v. Haisley*, 2024 IL App (1st) 232163 with conflicting results. In *Brown*, the Third Division of the First District held that the State's detention petition was untimely when it was not filed on June 24, 2023 (prior to the effective date of the amended statute). However, in both *Whitmore* and *Haisley*, the Fifth and Fourth Divisions of the First District, respectively, the court found that the State could file petitions after the defendant's first court appearance after the effective date of the amended statute. Here, however, defendant argues that the State's petition was untimely because it was not filed until his

second court appearance after the amended statute's effective date. We disagree and find the decisions in *Whitmore* and *Haisley* to be instructive in our analysis here.

¶ 22    Here, defendant initiated the proceedings by filing his petition for pretrial release on October 17, 2023. Neither defendant's memorandum nor the record indicates that the State or the trial court had advance notice that defendant was going to file such petition. The State ultimately filed its detention petition in response to defendant's petition for pretrial release on November 1, 2023, just 14 days after defendant filed his petition for pretrial release. The hearing on October 17, 2023, was defendant's first appearance before a judge since the amended statute became effective on September 18, 2023, and the hearing was continued to November 1, 2023. *Whitmore* specifically found that section 110-6.1 of the amended statute (725 ILCS 5/110-6.1 (West 2022)) allows the State to seek detention of defendants who were granted pretrial release with cash bail prior to the Act's effective date. See *Whitmore*, 2023 IL App. (1st) 231807, ¶ 11. Therefore, we do not deem the State's petition untimely and the trial court did not err in hearing it. We believe that defendant's filing of the pretrial release petition opened the door to proceedings dictated by the amended statute, including the State's ability to file a pretrial detention petition in response. The amended statute anticipates the proceedings to occur just after a defendant's arrest, at an initial pretrial detention hearing. However, in this case, defendant reopened the matter by filing a pretrial release petition three years after his initial bond hearing was held, thus availing himself of the benefit of the amended statute but at the same time he also subjected himself to the procedures dictated by the amended statute. He cannot now complain about application of the very statute he requested relief under. See *People v. Menssen*, 263 Ill. App. 3d 946, 951 (1994) (a defendant cannot complain on appeal about evidence which was elicited on cross-examination by defense

counsel and which defendant did not move to strike). We therefore conclude that the trial court did not err in allowing the State's petition.

¶ 23    As we have concluded that there was no error, our inquiry for purposes of plain error review ends, and we therefore honor the procedural default of defendant's claim. See *Marzonie*, 2018 IL App (4th) 160107, ¶ 54. In the alternative, defendant argues that defense counsel was ineffective for failing to move to strike the State's detention petition. We disagree.

¶ 24    The standard for reviewing an ineffective assistance of counsel claim is whether the attorney's conduct fell below an objective standard of reasonableness and whether defendant was prejudiced by counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To demonstrate prejudice, defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694. If either prong of the *Strickland* test cannot be shown, then the defendant has not established ineffective assistance of counsel. *Id.* at 697.

¶ 25    We find that defendant's claim of ineffective assistance of counsel fails because counsel was not deficient where any objection to the State's petition would have been unsuccessful because, as discussed above,  the State was entitled to file a pretrial detention petition under the amended statute. Accordingly, defendant cannot meet his burden of establishing prejudice as there is no reasonable probability that the outcome of the proceeding would have been different if counsel had filed a futile motion to strike the State's petition.

¶ 26    B. Whether Defendant Posed a Real and Present Threat to Support Pretrial Detention

¶ 27    Defendant next contends that the State failed to prove by clear and convincing evidence that he poses a real and present threat to the safety of any person or the community and that no conditions could mitigate that threat. He argues that the State did not identify any specific person or persons who would be at risk if he was released and only relied on the gravity of the allegations against him. Defendant also contends that the State did not prove that no conditions could mitigate any threat and that the trial court abused its discretion in granting the State's detention petition.

¶ 28    The State responds that, based on the doctor's conclusions after the infant's autopsy that the cause and manner of death was homicide due to child abuse, defendant's alleged admissions to the mother of the victim stating that he shook the baby, coupled with defendant's failure to appear for visitation at the hospital despite indicating that he would, defendant is a danger to the community and that no condition or combination of conditions set forth in the Pretrial Fairness Act can mitigate the real and present threat to safety. The State concludes that the trial court did not abuse its discretion in finding that defendant is a danger to any person or the community. However, the State requests that this court remand this matter to the trial court for compliance with section 110-6.1(h)(1) (725 ILCS 5/110- 6.1(h)(1) (West 2022)).

¶ 29    Pretrial release is governed by Article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq.* (West 2022)). Under the Code, all persons charged with an offense are eligible for pretrial release before conviction. 725 ILCS 5/110-2(a) (West 2022). Pursuant to the Code, a defendant's pretrial release may be denied only in certain statutorily limited situations. 725 ILCS 5/110-6.1 (West 2022). Upon the State's filing of a verified petition requesting denial of pretrial release, the State has the burden of proving by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a

qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and or prevent the defendant's willful flight from prosecution. 725 ILCS 5/110-2; 5/110-6.1(a)(1.5), (4), (8) (West 2022).

¶ 30    At all pretrial hearings, the prosecution has the burden of proving by clear and convincing evidence that any condition of release is necessary. 725 ILCS 5/110-2(b) (West 2022). In any order for detention, the court shall make a written finding summarizing the court's reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or prevent the defendant's willful flight from prosecution. 725 ILCS 5/110-6.1(h)(1) (West 2022).

¶ 31    We review the trial court's detention decision for an abuse of discretion. *People v. Atterberry*, 2023 IL App (4th) 231028, ¶ 12. A court abuses its discretion when its decision is arbitrary, fanciful, or unreasonable, or when no reasonable person would agree with the position adopted by the trial court. *Id.*

¶ 32    A trial court's finding that the State presented clear and convincing evidence that mandatory conditions of release would fail to protect any person or the community, and/or that the defendant had a high likelihood of willful flight to avoid prosecution, or that the defendant failed to comply with previous conditions of pretrial release thereby requiring a modification or revocation of the previously issued conditions of pretrial release, will not be reversed unless those findings are against the manifest weight of the evidence. *People v. Vingara*, 2023 IL App (5th)

230698, ¶ 10. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill.2d 322, 332 (2008). Under this standard, we give deference to the trial court as the finder of fact as it is in the best position to observe the conduct and demeanor of the witnesses." *Deleon*, 227 Ill. 2d at 332.

¶ 33     Here, the trial court noted that the State met its burden of proving that defendant committed an eligible offense of first-degree murder. The court also stated that its decision to deny defendant pretrial release was based on the nature and circumstances of the charged offenses; namely, the doctor's determination that the injuries to the three-month child were caused by "severe shaking," and that defendant was alone with his infant son when the infant suffered abuse which resulted in bleeding to the brain, fractures, head trauma, and ultimately death. The court also indicated that it considered defendant's lack of criminal history, his work history, his family situation, and the lack of a weapon used. The trial court concluded that defendant posed a real and present threat to the safety of persons based on the facts of the case. The court further found that no conditions or combination of conditions could mitigate the threat to safety that defendant posed towards others.

¶ 34     We find the trial court's findings to be against the manifest weight of the evidence in this case. Defendant is 40 years old, has no criminal background, was working as a security guard at the time of the offense, and served as a church deacon. He has no other children, and there is no indication defendant will be exposed to or responsible for the care of children in his day-to-day life. Furthermore, defendant's actions after finding his child unresponsive do not support a finding that he is a safety threat; when he realized the infant was not responsive, he called his mother, a

registered nurse, to the apartment to perform CPR. Under these circumstances we disagree that defendant poses a real and present threat to the safety of the community.

¶ 35    We now examine whether the trial court's detention order was an abuse of discretion, noting that the State has also requested a remand for the trial court's compliance with section 110-6.1(h)(1).

¶ 36    The Act requires that in any order for detention, the court shall make a written finding summarizing the court's reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or prevent the defendant's willful flight from prosecution. 725 ILCS 5/110-6.1(h)(1) (West 2022).  However, the record does not indicate that the trial court considered any less restrictive means to pretrial detention or conditions of release, which was an abuse of discretion and we remand for consideration of defendant's detention alternatives. In doing so, we are not making any finding that defendant is entitled to or must receive pretrial release; we are remanding based on our finding that the record contains no evidence that the trial court considered any detention alternatives as required by the statute prior to ordering defendant's confinement.

¶ 37                                CONCLUSION

¶ 38    For the foregoing reasons, we reverse the order of the Circuit Court of Cook County requiring defendant's pretrial detention entered on December 6, 2023, and remand for consideration of defendant's detention alternatives. Mandate shall issue instanter.

¶ 39    Reversed and remanded.