NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240874-U

NO. 4-24-0874

IN THE APPELLATE COURT

FILED
April 21, 2025
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| LAMARR WOODEN, | ) | No. 21CF240 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Debra D. Schafer, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Presiding Justice Harris and Justice Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, finding (1) defendant waived plain-error review by affirmatively acquiescing to the trial court's consideration of the sex offender evaluation at sentencing and (2) trial counsel did not render ineffective assistance.

¶ 2    Following a May 2023 bench trial, the trial court convicted defendant, Lamarr Wooden, of one count of criminal sexual assault (720 ILCS 5/11-1.20(a)(4) (West 2020)) and five counts of aggravated criminal sexual abuse (*id.* § 11-1.60(c)(1)(i), (d)). Thereafter, the court sentenced defendant to 11 years' imprisonment.

¶ 3    On appeal, defendant argues (1) the trial court erred at the sentencing hearing by considering the sex offender evaluation and (2) trial counsel was ineffective because he failed to challenge the court's consideration of the sex offender evaluation. Defendant asks this court to vacate his sentence and remand for a new sentencing hearing. We affirm.

I. BACKGROUND

¶ 5            In February 2021, a grand jury indicted defendant on three counts of criminal sexual assault (counts I through III) (*id.* § 11-1.20(a)(4)) and five counts of aggravated criminal sexual abuse (counts IV through VIII) (*id.* § 11-1.60(c)(1)(i), (d)). Counts I through III were nonprobationable, with a sentencing range of 4 to 15 years in prison. Counts IV through VIII were probation-eligible, with a sentencing range of three to seven years' imprisonment. Count II alleged defendant committed an act of sexual penetration with D.H., a person who was at least 13 years old but under 18 years old, by placing his mouth on the sex organ of D.H. Count IV alleged defendant committed an act of sexual conduct with D.H. by placing D.H.'s hand on his sex organ for the purpose of his sexual gratification or arousal. Counts V through VII alleged defendant committed acts of sexual conduct with D.H., L.H. (who was under 13 years old), and M.H. (who was under 13 years old) by touching each victim's breast for the purpose of his sexual gratification or arousal.

¶ 6            In May 2023, the trial court conducted a bench trial. We note prior to trial, the State moved to dismiss count III, which the court granted. At the close of the State's case, defendant moved for a directed verdict. The court granted the motion as to count I but denied the motion as to the remaining counts.

¶ 7            The trial court convicted defendant on counts II and IV through VIII. After ordering a presentence investigation report (PSI), the court questioned whether the State sufficiently demonstrated that defendant held "a position of trust, authority, or supervision in relation to the victim" as to count II. See *id.* § 11-1.20(a)(4). The court requested the parties address the issue at a hearing on a motion for a new trial. The State then asked the court whether a sex offender evaluation needed to be completed. The following exchange then occurred:

"MS. KRI[V]ANEC [(ASSISTANT STATE'S ATTORNEY)]: *** And, Judge, given that [defendant] is charged with aggravated criminal sexual abuse count as well, should I indicate on the [PSI] that a sex offender evaluation needs to be completed?

THE COURT: I will leave that up to you.

MR. GRANGER [(DEFENSE COUNSEL)]: I would like one completed.

MS. KRI[V]ANEC: If you're going to re[q]uest probation, you have to have one.

MR. GRANGER: Right, that is why.

THE COURT: I'm leaving it up to you. You have to arrange it. It's not like they're going to do it.

* * *

THE COURT: I just added on here that a sex offender evaluation shall be completed if the defendant wishes to argue for probation. It's not being ordered that it has to happen."

¶ 8    In July 2023, the trial court denied defendant's motion for a new trial, finding the State sufficiently proved as to count II that defendant held a position of trust, authority, or supervision in relation to the victim. Defense counsel requested more time to complete defendant's sex offender evaluation, which the court granted.

¶ 9    The PSI was filed in July 2023, more than three months prior to the sentencing hearing. See 730 ILCS 5/5-3-4(b)(2) (West 2022) (mandating the State and defense counsel receive the PSI at least three days prior to the imposition of the sentence). The State and defense counsel received the sex offender evaluation at least 56 days prior to the sentencing hearing.

¶ 10 In November 2023, the matter proceeded to sentencing. The trial court noted it received a copy of the PSI and the sex offender evaluation. The court asked defense counsel, "Have you had an opportunity to review the [PSI] with your client?" Defense counsel replied, "That's correct. Yes, Your Honor." Shortly thereafter, the court asked defense counsel, "Did you have any additions or corrections that you wished to make?" Defense counsel responded, "No, Your Honor."

¶ 11 The State requested a sentence of at least 12 years in prison on count II, to be served consecutively with a term of imprisonment on counts IV through VIII. The State did not refer to the sex offender evaluation in its closing argument.

¶ 12 Defense counsel requested a prison sentence close to the minimum term on count II, followed by a consecutive term of probation on the remaining counts. Counsel noted the sex offender evaluation indicated defendant would be at a lower risk for recidivism if he completed appropriate counseling and treatment.

¶ 13 In response, the State pointed to several places in the sex offender evaluation that found defendant was "likely to not respond to [q]uestions in a forthright or truthful manner." The State asked the trial court to consider this information, in addition to defendant's denial of any responsibility for his actions, when determining how much weight to place on the risk assessment in the sex offender evaluation.

¶ 14 In rendering its sentence, the trial court stated it considered the trial evidence; the PSI; the history, character, and attitude of defendant; the evidence and arguments presented at sentencing; defendant's statement in allocution; and the statutory factors in aggravation and mitigation.

¶ 15 In mitigation, the trial court found (1) defendant's criminal conduct neither caused nor threatened serious physical harm to another and (2) defendant had no prior criminal history,

aside from a few traffic offenses, and, generally, led a law-abiding life. See *id.* § 5-5-3.1(a)(1), (7). However, the court declined to find defendant's criminal conduct was the result of circumstances unlikely to recur. See *id.* § 5-5-3.1(a)(8). In doing so, the court referenced the sex offender evaluation, which listed several findings indicating defendant did not answer the evaluator's questions in a forthright or truthful manner, was likely unable to respond truthfully to others, and might be at risk for early termination from sex offender treatment. The court concluded, "The character [and] attitudes of the defendant indicate he's unlikely to commit another crime. Certainly, the lack of prior criminal history speaks in his favor, but then we have these offenses, and so that combined with the evaluation, I don't think that that particular factor would apply."

¶ 16        In aggravation, the trial court found (1) defendant's conduct caused or threatened serious harm and (2) the sentence was necessary to deter others from committing the same crime. See *id.* § 5-5-3.2(a)(1), (7).

¶ 17        The trial court sentenced defendant to eight years in prison on count II, to be served consecutively to concurrent three-year terms in prison on counts IV through VIII. As to its reasoning for the sentence on count II, the court explained it did not sentence defendant to the maximum 12-year term because of "the positive things that are in your column." However, the court did not sentence defendant to the minimum term of four years because of "[t]he ongoing nature of it and the harm that is done." As to the sex offender evaluation's findings regarding defendant's lack of forthrightness and truthfulness when answering questions, the court stated, "That is not completely unusual when assessments are being done. That's often what is addressed in sex offender treatment."

¶ 18        Thereafter, defendant filed a motion to reconsider his sentence, which the trial court denied.

¶ 19        This appeal followed.

¶ 20                                    II. ANALYSIS

¶ 21        On appeal, defendant argues (1) the trial court erred at the sentencing hearing by considering the sex offender evaluation and (2) trial counsel was ineffective because he failed to challenge the court's consideration of the sex offender evaluation.

¶ 22                                    A. Plain Error

¶ 23        We first address defendant's claim the trial court erred at the sentencing hearing by considering the sex offender evaluation. Section 5-3-2(b-5) of the Unified Code of Corrections (Unified Code) provides:

>    "In cases involving felony sex offenses in which the offender is being considered
>    for probation only ***, the [PSI] shall include a sex offender evaluation ***. In
>    cases in which the offender is being considered for any mandatory prison sentence,
>    the [PSI] shall not include a sex offender evaluation." *Id.* § 5-3-2(b-5).

¶ 24        Defendant acknowledges he failed to raise this issue below but asks this court to review for first-prong plain error. See Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967); *People v. Hillier*, 237 Ill. 2d 539, 544-45 (2010). The State contends defendant has waived plain-error review because he invited the error—specifically, by "explicitly requesting" the PSI include the sex offender evaluation following the bench trial.

¶ 25        "Waiver is the intentional relinquishment of a known right, whereas forfeiture is the failure to make a timely assertion of a known right." *People v. Bowens*, 407 Ill. App. 3d 1094, 1098 (2011). The doctrine of plain error permits a reviewing court to consider arguments a defendant forfeited by failing to raise them in the trial court. *People v. Sebby*, 2017 IL 119445, ¶ 48. However, plain-error review does not apply when a defendant affirmatively acquiesces to the

court's action. *People v. Dunlap*, 2013 IL App (4th) 110892, ¶ 12.

¶ 26        In *People v. Hibbler*, 2019 IL App (4th) 160897, ¶ 52 (citing *People v. Powell*, 199 Ill. App. 3d 291, 294-95 (1990)), this court explained "(1) both the defendant and the State are required to bring any inaccuracies in—or disagreement with—the PSI to the trial court's attention and (2) the failure to do so results in the waiver of any objection to the trial court's consideration of the contents of the PSI." (Emphasis omitted.) Further, " 'all information appearing in a [PSI] may be relied upon by the sentencing judge to the extent the judge finds the information probative and reliable.' " (Emphasis omitted.) *Id.* (quoting *Dunlap*, 2013 IL App (4th) 110892, ¶ 12). "Although inviting a ruling precludes a plain-error challenge to that ruling, a defendant may still argue that his counsel was ineffective for inviting the ruling." *People v. Johnson*, 2023 IL App (4th) 220201, ¶ 38 (citing *People v. Page*, 2022 IL App (4th) 210374, ¶ 27).

¶ 27        We agree with the State that defendant invited the error, but we find defendant did not invite the error until he affirmatively acquiesced to the consideration of the sex offender evaluation at the sentencing hearing. Following the bench trial, there remained a possibility the trial court might overturn defendant's conviction on count II, which was the only conviction that carried a mandatory prison sentence. Given this uncertainty, it was reasonable for defense counsel to request a sex offender evaluation in the event the court overturned count II. Further, it is not entirely clear from the record that defendant "explicitly" requested the sex offender evaluation, as the first mention of the sex offender evaluation came from the State, who insisted defendant needed to complete a sex offender evaluation if he was going to request probation.

¶ 28        By the November 2023 sentencing hearing, however, the trial court had denied defendant's motion for a new trial and reaffirmed his conviction on count II. This meant it was certain defendant would be subject to a mandatory prison sentence on count II. Despite this,

defense counsel stated no additions or corrections to the PSI were necessary, and he did not object to the court's consideration of the sex offender evaluation. In other words, counsel affirmatively acquiesced to the court's reliance on the contents of the PSI, including the sex offender evaluation, to the extent it believed the information was relevant and reliable. See *Hibbler*, 2019 IL App (4th) 160897, ¶ 56. Defendant cannot now claim on appeal that the court's actions constituted error when he invited the court to proceed in this manner.

¶ 29          Accordingly, we find defense counsel waived any objection to the trial court's reliance on the sex offender evaluation and decline to review this issue under the plain-error doctrine.

¶ 30                              B. Ineffective Assistance of Counsel

¶ 31          Defendant also argues he is entitled to a new sentencing hearing based on the ineffective assistance of counsel. Specifically, defendant asserts that but for defense counsel's failure to object to the sex offender evaluation, there is a reasonable probability he would have received a more lenient sentence.

¶ 32          The United States and Illinois Constitutions guarantee criminal defendants the right to the effective assistance of counsel. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8. The guarantee of effective assistance applies at all critical stages of a criminal proceeding, which includes sentencing. *People v. Williams*, 358 Ill. App. 3d 1098, 1104 (2005). When reviewing a claim of ineffective assistance of counsel, this court applies the two-part framework established in *Strickland v. Washington*, 466 U.S. 668 (1984). See *People v. Albanese*, 104 Ill. 2d 504, 526 (adopting the *Strickland* framework). To prevail, a defendant must demonstrate deficiency and prejudice. *People v. Bradford*, 2019 IL App (4th) 170148, ¶ 14.

¶ 33          To establish deficient performance, the defendant must show trial counsel's

- 8 -

performance fell below an objective standard of reasonableness. *Hibbler*, 2019 IL App (4th) 160897, ¶ 88. The reviewing court strongly presumes counsel's decisions were the result of sound trial strategy. *Strickland*, 466 U.S. at 689. "[T]he failure of defense *** counsel to object to improper evidence or prejudicial argument of the prosecutor may result in a finding of ineffective assistance of counsel." *People v. Bunning*, 298 Ill. App. 3d 725, 728 (1998) (citing cases). "The impact of the alleged errors depends on the facts of the particular case." *Id.*

¶ 34    To establish prejudice in the sentencing context, the defendant must show a reasonable probability counsel's deficient performance affected the sentence. See *People v. Billups*, 2016 IL App (1st) 134006, ¶ 16. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. A failure to establish either deficiency or prejudice will be fatal to the ineffective assistance claim. *Hibbler*, 2019 IL App (4th) 160897, ¶ 88. We review *de novo* a claim of ineffective assistance of counsel. *Id.*

¶ 35    First, defense counsel's failure to object to the sex offender evaluation at the sentencing hearing was objectively unreasonable, as (1) the language of section 5-3-2(b-5) of the Unified Code (730 ILCS 5/5-3-2(b-5) (West 2022)) clearly prohibits an evaluation when a defendant is subject to "any mandatory prison sentence" and (2) the evaluation contained essentially no mitigating information. At sentencing, defense counsel relied on a single finding in the evaluation that stated defendant was at a " 'below average risk' " of sexual recidivism "if appropriate correctional strategies are provided."

¶ 36    In contrast, the negative findings of the sex offender evaluation included, *inter alia*, (1) defendant appeared somewhat defensive and reluctant to discuss personal problems, indicating he might be at risk for early termination from sex offender treatment; (2) defendant's social desirability score fell within the "highly problematic" category, indicating he is likely unable to

respond truthfully to others; (3) the results of the Abel Screen Assessment and Personality Assessment Inventory suggested defendant was likely to not have responded to questions in a forthright or truthful manner; (4) the results of the visual reaction time test indicated defendant had an interest in adolescent females, noting "[a]lthough this is considered normal[,] it should still be considered a serious boundary violation"; and (5) defendant's motivation for treatment was "somewhat below average," as his responses indicated "he sees little need for changes in his behavior." Defendant also denied any history of sexual abuse during the evaluation, but then claimed he was abused as a child at sentencing.

¶ 37        Defense counsel further compounded this error by relying on the sex offender evaluation in his sentencing request. This prompted the State, in response, to draw the trial court's attention to the negative findings emphasizing defendant's lack of forthrightness and truthfulness in answering the evaluator's questions. The record rebuts any presumption the sex offender evaluation was part of a sound trial strategy, and counsel's failure to object to it was objectively unreasonable.

¶ 38        Nonetheless, we find defendant has failed to establish prejudice, as the record shows the sex offender evaluation did not influence the trial court's sentencing decision. In light of the substantial mitigating factors, particularly defendant's complete lack of criminal history, the court imposed a midrange, eight-year sentence for count II, and a statutorily minimum three-year sentence for counts IV through VIII. The court explained the increase above the minimum on count II was due to "[t]he ongoing nature of it and the harm that is done," with no reference to the sex offender evaluation. Indeed, defendant's conduct in perpetrating the sexual abuse of the three individual victims was more than sufficient to justify a cumulative 11-year sentence. Additionally, the court did not indicate it was increasing defendant's sentence because of his lack of

forthrightness or untruthfulness in answering questions during the evaluation. To the contrary, the court appeared to give little, if any, weight to the evaluation, as it stated, in relation to the veracity findings, "That is not completely unusual when assessments are being done. That's often what is addressed in sex offender treatment."

¶ 39      Although defense counsel rendered deficient performance by failing to object to the sex offender evaluation when defendant was subject to a mandatory prison sentence, it is clear the evaluation did not affect his sentence. As such, defendant has not met his burden of showing he was prejudiced by counsel's deficient performance. Accordingly, we conclude counsel was not ineffective and defendant is not entitled to a new sentencing hearing.

¶ 40                        III. CONCLUSION

¶ 41      For the reasons stated, we affirm the trial court's judgment.

¶ 42      Affirmed.